UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNBELT RENTALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALLEN ENGINEERING CONTRACTOR, INC.; UNION PACIFIC RAILROAD CO.; SOUTHERN PACIFIC CO.; and ROGER A. TATE, <br><br> Defendants. | No. 2:20-cv-01246-MCE-CKD <br><br><br> FINDINGS AND RECOMMENDATIONS |

Before the court is plaintiff Sunbelt Rentals, Inc.'s ("Sunbelt") motion for default judgment against defendants Allen Engineering Contractor, Inc. ("Allen Engineering") and Roger A. Tate ("Tate"). For the reasons below, the court will recommend granting Sunbelt's motion for default judgment against Allen Engineering and denying it against Tate.

**I.   BACKGROUND**

  A.   Procedural History

On June 19, 2020, Sunbelt filed its original complaint against four defendants—Tate, Allen Engineering, Union Pacific Railroad Co., and Southern Pacific Co.—for unpaid debt of approximately $70,000. (ECF No. 1.) On July 9, 2020, Sunbelt filed its First Amended Complaint against the same defendants. (ECF No. 6.) None of the defendants answered either complaint, except for Union Pacific Railroad Co. (ECF Nos. 11, 13.) Sunbelt then requested

1

entry of default against Allen Engineering and Tate, but not against Southern Pacific Co. (ECF No. 14.) On August 19, 2020, the clerk granted Sunbelt's request. (ECF No. 15.) On September 1, 2020, Sunbelt filed a motion for default judgment against Tate and Allen Engineering. (ECF No. 16.) Tate filed an opposition, (ECF No. 18), and Sunbelt filed a reply. (ECF No. 19.) The court heard argument on the motion for default judgment via Zoom on September 30, 2020. At the hearing, Tate informed the court that he intends to answer Sunbelt's First Amended Complaint. Sunbelt's motion for default judgment against Allen Engineering remained unopposed.

   B.  Factual Background

  Sunbelt rents equipment to contractors for use in construction projects, and it has been renting equipment to Allen Engineering for more than a decade. In November of 2019, Sunbelt rented certain equipment to Allen Engineering, and Sunbelt contends that Allen Engineering has failed to pay invoices related to that equipment. Sunbelt contends that both Tate and Allen Engineering are liable for these unpaid invoices.

  Tate is the owner and president of Allen Engineering. Tate formed Allen Engineering as a sole proprietorship in 2001. In 2004, he incorporated the sole proprietorship in California as Allen Engineering Contractor, Inc. Sunbelt alleges that, prior to Tate's incorporation of Allen Engineering, Tate signed an "Application of Credit" on behalf of Allen Engineering with a company called NationsRent. In 2006, Sunbelt acquired NationsRent and assumed the rights and obligations under the "Application of Credit." Sunbelt contends that, because Tate signed the "Application of Credit" while Allen Engineering was still a sole proprietorship, under California law Tate is personally liable for Allen Engineering's unpaid invoices.

  Tate disputes Sunbelt's theory of liability against him. He disagrees that—or is currently unable to confirm whether—he signed the "Application of Credit" while Allen Engineering was a sole proprietorship, and he argues that all of the unpaid invoices concern equipment that was provided after the company was incorporated in any event. As such, Tate objects to the entry of default judgment against him personally.

/////

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the seven Eitel factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to answer, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.") A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

3

**I.   DISCUSSION**

    **A.   The motion for default judgment should be granted against Allen Engineering but not against Tate.**

When deciding a motion for default judgment, the trial court must weigh the appropriateness of entering a default judgment under the seven factors enumerated in Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The factors are as follows: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Id.

        i.    Factor One: Possibility of Prejudice to the Plaintiff

First, the court considers whether Sunbelt would suffer prejudice if the court declined to enter a default judgment against Allen Engineering and Tate. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Such potential prejudice would weigh in favor of entering default judgment. Id.

Sunbelt would potentially face prejudice if the court did not enter a default judgment against Allen Engineering, because Sunbelt would be left without alternative recourse against Allen Engineering. Absent a default judgment, Sunbelt would be unable to reach a disposition on its claims. It would be unable to move for entry of judgment on the pleadings, because such a motion may be filed only "after the pleadings are closed." Fed. R. Civ. P. 12(c); see also Perez v. Wells Fargo, 774 F.3d 1329, 1336 (11th Cir. 2014) ("When a defendant fails to answer, Rule 12(c) precludes a judgment on the pleadings because the pleadings have not 'closed.'"). Similarly, Allen Engineering's failure to answer deprives Sunbelt of the opportunity to obtain discovery to aid a motion for summary judgment or satisfy the burden of proof at trial. The first Eitel factor therefore favors the entry of default judgment against Allen Engineering.

Conversely, Sunbelt would not face such prejudice if the court declined to enter a default judgment against Tate. Unlike Allen Engineering, Tate has represented his intent to defend himself in this action. Sunbelt will therefore have alternative avenues to attempt to recover from Tate. Thus, the first Eitel factor weighs against entering default judgment against Tate.

          ii.          Factors Two and Three: The Merits of the Plaintiff's Substantive Claims and the Sufficiency of the Complaint

Next, the court considers the merits of Sunbelt's substantive claims and the sufficiency of the complaint. The court considers these two factors together below, because the two inquiries are related. The court must evaluate whether the allegations in the First Amended Complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175. Sunbelt asserts two claims: (1) breach of contract, and (2) lien enforcement. (ECF No. 6.) Here, the court only considers Sunbelt's breach of contract claim, because Sunbelt does not request relief related to its claim for lien enforcement in its motion for default judgment.[1]

The elements of a breach of contract action under California law are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff as a result of the breach. Buschman v. Anesthesia Bus. Consultants LLC, 42 F. Supp. 3d 1244, 1250 (N.D. Cal. 2014) (citing CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008)). The First Amended Complaint alleges facts to support each of these elements. (ECF No. 5 ¶¶ 20, 46, 59-61.) Accordingly, these Eitel factors weigh in favor of entering default judgment.

          iii.          Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

---

[1] In the First Amended Complaint, Sunbelt asks the court to declare that "Sunbelt has a perfected lien on the Property and the Project for the Principal Amount," and order "foreclosure and sale of the Property and Project to satisfy Sunbelt's Lien." (ECF No. 6 at 7.) Because Sunbelt does not request this relief in its motion for default judgment, the court does not consider Sunbelt's lien enforcement claim.

Here, Sunbelt is requesting the following money damages: (1) the principal amount due of $70,765.21; (2) accrued service charges of 1.5% through August 24, 2020 in the amount of $8,524.57, as well as additional service charges that continue to accrue until the unpaid principal amount is fully collected; (3) pre-judgment interest at a rate of 10% from January 23, 2020 to August 24, 2020 in the amount of $4,149.46, and all additional pre-judgment interest that accrues until entry of judgment; (4) post-judgment interest under 28 U.S.C. § 1961(a); and (5) reasonable attorneys' fees and costs in an amount to be determined at a later date through a post-judgment motion. (ECF No. 16 at 3.) Excluding the attorneys' fees request, which cannot currently be calculated, Sunbelt appears to request less than $100,000 in damages, which appears supported by the record and reasonable given Allen Engineering's alleged conduct. Thus, this factor also weighs in favor of granting default judgment.

    iv.  Factor Five: The Possibility of a Dispute Concerning Material Facts

Once the clerk enters default, the court may assume the truth of well-pleaded facts in the complaint, except as to damages. Thus, there is no likelihood that any dispute of material fact exists with regard to Allen Engineering. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. Tate, however, has opposed the entry of default judgment and disputed facts material to Sunbelt's theory of liability against him. As such, the fifth Eitel factor favors a default judgment against Allen Engineering but disfavors default judgment against Tate.

    v.  Factor Six: Whether the Default Was Due to Excusable Neglect

The sixth Eitel factor considers whether default was due to excusable neglect. The record suggests Tate's default was excusable, but Allen Engineering's was not. Although Tate did not file an answer, he did respond to Sunbelt's motion for default judgment and appeared before the court to express his opposition to Sunbelt's motion. Considering that Tate is a pro se litigant and the nature of his defense that he has tentatively articulated to the court, the court finds that his initial failure to answer was the result of excusable neglect. But Allen Engineer's failure to answer was not excusable. Despite being served with the First Amended Complaint (ECF Nos. 6, 9), Allen Engineering has failed to file an answer or otherwise appear in this suit. Thus, there is

no basis to find that the default resulted from its excusable neglect.  This Eitel factor therefore favors the entry of a default judgment against Allen Engineering.

          vi.        Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472.  But district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a party fails to defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, upon consideration of the seven Eitel factors, the court concludes that Sunbelt is entitled to a default judgment against Allen Engineering but not against Tate.

**B.    The Terms of the Judgment to Be Entered**

Having found that Sunbelt is entitled to entry of default judgment against Allen Engineering, the court must determine the terms of the judgment to be entered.  Sunbelt's motion for default judgment requests the following damages: (1) the principal amount due under the invoices of $70,765.21; (2) accrued service charges of 1.5% through August 24, 2020 in the amount of $8,524.57, as well as additional service charges that continue to accrue until the unpaid principal amount is fully collected; (3) prejudgment interest at a rate of 10% from January 23, 2020 to August 24, 2020 in the amount of $4,149.46, and all additional pre-judgment interest that accrues until entry of judgment; (4) post-judgment interest under 28 U.S.C. § 1961(a); and (5) a declaration that Allen Engineering is liable for Sunbelt's reasonable and necessary attorneys' fees and costs, the amount of which the court may determine in response to a post-judgment motion under Federal Rule of Civil Procedure 54(d).  (ECF No. 16 at 3.)  Considering Sunbelt's briefing and the record in this case, the court recommends that damages be awarded as set forth below.

/////

/////

i.        <u>Compensatory Damages</u>

As compensatory damages, Sunbelt seeks to recover $70,765.21 as the unpaid principal due under the invoices, and $8,524.57 as unpaid services charges accrued through August 24, 2020.[2] (ECF No. 16 at 3.) These amounts and their underlying calculations are set forth in the declaration of Catherine Hargis, and they appear to be correct and supported by evidence. (ECF No. 16-2.) The total amount of compensatory damages is $79,289.78. Sunbelt has therefore established, independently of the First Amended Complaint, the amount of compensatory damages owed to it by Allen Engineering.

ii.        <u>Prejudgment Interest</u>

Sunbelt also requests prejudgment interest in both its First Amended Complaint and its motion for default judgment. "Prejudgment interest in a diversity action is . . . a substantive matter governed by state law." U.S. Fid. & Guar. Co. v. Lee Invs. LLC, 641 F.3d 1126, 1139 (9th Cir. 2011). Under California law, a person who "is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt." Cal. Civ. Code § 3287(a). If a contract does not stipulate a legal rate of interest, "the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289(b).

Here, Sunbelt contends that there is no contractual interest rate, so prejudgment interest should accrue at the rate of ten percent per annum, as provided by California law. Sunbelt further asserts that it does not seek to recover interest prior to the due date of the most recent invoice, which was due on January 23, 2020. (ECF No. 17 at 4.) Calculating prejudgment interest on the principal amount of $70,765.21 from January 23, 2020 to October 5, 2020 yields a prejudgment interest total of $4,963.84.

---

[2] With regard to the unpaid service charges, Sunbelt seeks to recover accrued service charges of 1.5% through August 24, 2020 in the amount of $8,524.57, as well as additional service charges that continue to accrue until the unpaid principal amount is fully collected. But Sunbelt has not provided the court with the means to calculate any service charges accruing after August 24, 2020. Therefore the court declines to award services charges beyond August 24, 2020.

        iii.       Post-judgment interest

Sunbelt further requests post-judgment interest in both its First Amended Complaint and its motion for default judgment. "Under the provisions of 28 U.S.C. § 1961, post-judgment interest on a district court judgment is mandatory." Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 290 (9th Cir.1995) (citing Perkins v. Standard Oil Co., 487 F.2d 672, 674 (9th Cir.1973)). Post-judgment interest applies to the entire judgment, including principal, pre-judgment interest, attorneys' fees, and costs. Id. at 291. The post-judgment interest rate is set "at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a); see Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 924 (C.D. Cal. 2010). For the calendar week preceding October 5, 2020, that rate was 0.12 percent.

        iv.       Attorneys' Fees and Costs

Finally, Sunbelt requests a declaration that it is entitled to recover from Allen Engineering its reasonable and necessary attorneys' fees and costs, "the amount of which the court will determine in response to a Sunbelt post-judgment motion under Federal Rule of Civil Procedure 54(d)." (ECF No. 16 at 3.) Although Sunbelt is entitled to recover its taxable costs, the court declines to declare that Sunbelt is entitled to recover attorneys' fees at this time. Under Rule 54(d), a claim for attorneys' fees must be made by motion. Sunbelt may file such a motion in accordance with the applicable procedures, if it so desires.

**II.   CONCLUSION**

For the foregoing reasons, IT IS RECOMMENDED that:

1. Sunbelt Rentals, Inc.'s motion for default judgment (ECF No. 16) be GRANTED as to Allen Engineering Contractor, Inc. and DENIED as to Roger A. Tate;

2. Judgment be entered in Sunbelt Rentals, Inc.'s favor and against Allen Engineering Contractor, Inc.;

3. The clerk be directed to vacate the entry of default as to Roger A. Tate (ECF No. 15);

  4.  Sunbelt Rentals, Inc. be awarded $79,289.78 in damages for breach of contract and $4,963.84 in pre-judgment interest, for a total amount of $84,253.62. This sum shall bear post-judgment interest at the rate of 0.12 percent; and

  5.  Sunbelt Rentals, Inc. recover its taxable costs of suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 6, 2020

                */s/ Carolyn K. Delaney*
                CAROLYN K. DELANEY
                UNITED STATES MAGISTRATE JUDGE

17.1246.mdj