UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNBELT RENTALS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ALLEN ENGINEERING CONTRACTOR, INC., et al.,<br><br>Defendants. | No. 2:20-cv-1246 MCE CKD<br><br><br>ORDER VACATING HEARING AND ORDER TO SHOW CAUSE |

Plaintiff Sunbelt Rentals, Inc., has filed a second motion for default judgment against defendant Roger A. Tate, who currently proceeds pro se in this case. Plaintiff's first motion for default judgment was denied without prejudice as to defendant Tate after Tate opposed the motion and indicated that he intended to answer the first amended complaint.

Plaintiff noticed the renewed motion for default judgment for a hearing to take place on July 7, 2021. Plaintiff served defendant Tate with a copy of the motion by mail. (ECF No. 40.) To date, Tate has not filed an opposition to the motion, a statement of non-opposition, nor sought an extension of time to do so. Accordingly, the hearing set for July 7, 2021 will be vacated and, if appropriate, reset at a later date.

Local Rule 230(l) provides, in part:

> Opposition, if any, to the granting of [a] motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding

1

> party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. See L.R. 135. A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.

Local Rule 230(l); see also Local Rule 183 ("All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012)).

Based on the foregoing, IT IS ORDERED:

1. The July 7, 2021 hearing on defendant's motion for default judgment against defendant Tate is vacated, and, if appropriate, will be re-set at a later date; and
2. Defendant Roger A. Tate is ordered to show cause, in writing and within 14 days, why his failure to oppose the motion for default judgment should not be construed as a non-opposition to the granting of the motion.

Dated: June 28, 2021

*[signature]*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Sunbelt.20cv1246.osc.nooppo